[No. 14418. Department One. April 25, 1918.]

W. J. EASLEY et al., Respondents, v. HENRY D. ELMER et al., Appellants.[1]

APPEAL—RECORD—EXHIBITS—REVIEW. Error cannot be predicated upon insufficiency of the evidence to sustain the verdict, where neither the instructions nor numerous exhibits introduced in evidence are made a part of the record on appeal.

Appeal from a judgment of the superior court for Pend Oreille county, Jackson, J., entered December 29, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

M. F. Ryan, for appellants.

WEBSTER, J.—Plaintiff W. J. Easley, in his own right and as guardian ad litem for the minor respondents.

[1]Reported in 172 Pac. 575.

brought this action to recover the reasonable value of work and labor performed for the defendants at their special instance and request. For answer, the defendants alleged that the work for which recovery was sought had been performed under an express contract, by the terms of which certain work was to be done for the agreed sum of $225, and that, without fault on their part, the plaintiffs had abandoned the contract before the completion of the work. By way of counterclaim, it was alleged that the plaintiff W. J. Easley was indebted to defendants for goods, wares and merchandise sold and delivered in the sum of $155.27. In the reply the plaintiffs denied the express contract pleaded in the answer, and alleged payment in full of the account set up as a counterclaim. The cause was tried to a jury, resulting in a verdict in favor of the plaintiffs in the sum of $240.75. From the judgment entered upon the verdict, the defendants appeal, assigning as error the insufficiency of the evidence to sustain the recovery.

The instructions of the trial court are not made a part of the record on this appeal. Numerous exhibits were introduced during the progress of the trial which, it may be inferred from the testimony, had important bearing upon the issues. These exhibits are not before us, neither are their contents copied into the record.

Under such circumstances it is impossible for this court to determine what issues were submitted to the jury or what was considered by it in arriving at the verdict. There is, however, competent evidence to sustain a recovery in the amount awarded. The judgment is therefore affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.